UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL G. ROBINSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00220-SNLJ |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of movant Michael G. Robinson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). Movant has filed a previous § 2255 motion, and has not received authorization from the United States Court of Appeals for the Eighth Circuit to file a second motion. Therefore, for the reasons discussed below, the Court will summarily deny and dismiss the motion without further proceedings. *See* 28 U.S.C. § 2244(b)(3).

### **Background**

On June 9, 2015, movant pled guilty to being a felon in possession of a firearm. *United States v. Robinson*, 1:15-cr-50-SNLJ-1 (E.D. Mo.). On November 10, 2015, he was sentenced to 120 months' imprisonment. He did not file a direct appeal.

Movant filed his first 28 U.S.C. § 2255 motion on April 4, 2016. *Robinson v. United States*, No. 1:16-cv-72-SNLJ (E.D. Mo.). In the motion, he sought relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). The Court denied movant's motion on August 29, 2016. Movant did not file an appeal.

Movant filed the instant § 2255 motion on November 20, 2019, by placing it in his prison's mailing system.[1] (Docket No. 1 at 2). He asks the Court to set aside or vacate his sentence based on the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). (Docket No. 1 at 1). Specifically, movant argues that he is actually innocent of violating 18 U.S.C. § 922(g) because he did not know that he "fell in the categories of person to whom the offense applies." That is, he states he had no knowledge that he was barred from possessing a firearm.

## Discussion

Movant is a pro se litigant currently incarcerated at the United States Penitentiary in Coleman, Florida. He brings this motion pursuant to 28 U.S.C. § 2255. Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a district court shall dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Here, it plainly appears that movant is not entitled to relief because he has filed a prior § 2255 motion, making the instant motion successive.

### A. Second or Successive

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined…on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the court of appeals to file a second or successive motion. *United States v.*

---

[1] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

2

*Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

An inmate cannot evade this rule "by simply filing a successive § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition"). Instead, it is up to the court of appeals to determine whether movant has made a prima facie case that he has satisfied the requirements of § 2255. *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015).

As noted above, movant has filed a prior § 2255 motion. The prior motion was filed on April 4, 2016 and denied without a hearing on August 29, 2016. Therefore, the instant motion is a second motion requiring certification from the United States Court of Appeals for the Eighth Circuit. Movant has not sought such certification. Absent certification, the Court lacks authority under § 2255 to grant movant's requested relief. For this reason, movant's § 2255 motion must be denied and dismissed.

### A. Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or

the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1) is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. § 2244(b)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 9th day of December, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE